The State of Ohio appeals an order of the Medina County Court of Common Pleas that suppressed statements made to police by Defendant, Daniel J. Coe. We reverse.
On August 20, 1997, Defendant was arrested as part of a joint "sting" operation by the Summit County Sheriff and the Wadsworth Police Department. He was taken into custody by the Wadsworth Police Department and questioned twice about his involvement in the sale of marijuana. The first interview was conducted by Detective Mark McElroy of the Summit County Sheriff's Office, Narcotics Unit. Prior to questioning Defendant, Detective McElroy informed Defendant of hisMiranda rights by reading from a card kept in his wallet. Defendant indicated that he understood his rights. Consistent with the policy of the Summit County Sheriff, Detective McElroy did not ask Defendant to sign a written waiver. During the interview with Detective McElroy, Defendant gave an oral confession. Defendant did not make a written confession, so Detective McElroy took notes of Defendant's statements. The interview concluded within a matter of minutes.
Later that evening, Detective Mick Sobie of the Wadsworth Police Department conducted a second interview with Defendant. Detective Sobie informed Defendant of his Miranda rights, and Defendant again indicated that he understood his rights. At that time, Defendant signed a written waiver of those rights. During this interview, Defendant denied involvement in the sale and denied that he had made self-implicating statements to Detective McElroy.
On November 12, 1997, Defendant moved to suppress the statements made to Detective McElroy and Detective Sobie. Defendant alleged that these statements were made without being apprised of his Miranda rights and that they were the product of coercion.[1] Following a hearing, the trial court ordered Defendant's statement to Detective McElroy and any reference to that statement by Detective Sobie to be suppressed. The state timely appealed, pursuant to Crim.R. 12(J) and R.C. 2945.67(A), and raises one assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred as a matter of law when it granted the [Defendant's] motion to suppress both the confession which he made to Detective McElroy of the Summit County Sheriff's Office during his initial interview and any reference to that confession by Detective Sobie of the Wadsworth Police Department, who conducted a subsequent interview of the [Defendant].
The State argues that the trial court erred by concluding that Defendant did not voluntarily waive his Miranda rights prior to his statements to Detective McElroy. This argument is well-taken.
The trial court determined that Defendant had been apprised of his Miranda rights by Detective McElroy. The court suppressed Defendant's statements because, based on observations made by Detective McElroy during the interview, the court believed that his statements were made while under the influence of marijuana. The court reasoned that "if he was high" his statements were probably involuntary.
The determination of whether a defendant waived his right against self-incrimination is made based on the totality of the surrounding circumstances. State v. Eley (1996), 77 Ohio St.3d 174,178. The state must prove the voluntariness of a confession by a preponderance of the evidence. State v. Hill
(1992), 64 Ohio St.3d 313, 318, citing Colorado v. Connelly
(1986), 479 U.S. 157, 93 L.Ed.2d 473. A waiver must be the product of the defendant's free and deliberate choice made with an appreciation of the nature of the rights being waived and the consequences of waiver. State v. Mulkey (1994), 98 Ohio App.3d 773,780; State v. Sneed (Oct. 9, 1996), Summit App. No. 17660, unreported, at 7.
The lingering effects of drugs or alcohol do not render a confession involuntary in the absence of evidence that the substance has impaired the defendant's ability to reason. SeeState v. Stewart (1991), 75 Ohio App.3d 141, 147; State v.Sneed, supra, at 8. In addition, the presence of coercive police conduct is necessary in order to conclude that a confession was involuntary. State v. Dailey (1990), 53 Ohio St.3d 88,91. A waiver of the privilege against self-incrimination is considered voluntary unless there is evidence that the defendant's "will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." Id. at paragraph two of the syllabus.
Detective McElroy testified that Defendant "appeared like he might have been high" during their interview. Defendant "had a glassy look in his eyes, real mellow." When asked what substance he thought Defendant had been using, Detective McElroy opined, "Possibly marijuana. * * * I'm assuming he was high on marijuana." Detective McElroy stated that he did not notice an odor of marijuana on Defendant, and Defendant responded lucidly throughout the interview. On cross examination, Detective McElroy stated that his statements were his opinions based on impressions from the interview. He reiterated that he did not smell marijuana during the interview and that Defendant was not tested for drugs. Detective Sobie testified that Defendant told him that he had smoked marijuana just prior to his arrest.
In State v. Sneed, supra, this court considered the voluntariness of a confession made while the defendant was intoxicated. In that case, the defendant told the interviewing officer that she had just consumed a significant quantity of alcohol. In addition, the officer noted that the defendant had a glazed look in her eyes and that her hands and lips were seared. The defendant's speech was slurred, and she stated that she could not make a written statement because she was too tired to write. The officer testified that he left the interrogation room to give her an opportunity to write a statement. When he returned, the defendant had fallen asleep on the table. Noting that the defendant appeared coherent during the interview and considering her condition in light of the totality of the circumstances, we concluded that her confession was the product of a knowing, voluntary, and intelligent waiver. Id. at 9.
As in Sneed, there is no indication in this case that Defendant was impaired by the effects of marijuana to the degree that he was unable to intelligently waive his Miranda
rights. Detective McElroy testified that Defendant was coherent and that there was no odor of marijuana on his person. Defendant stated that he understood his rights and that he understood why he was in custody. There is no evidence that Defendant's mental capacity is impaired. Additionally, there is no indication in the record of police coercion or overreaching. Defendant was informed of his Miranda rights prior to each interview. Each lasted only a matter of minutes. Although Defendant urges this court to affirm the trial court's order because neither interview was preserved on audio or videotape, there is no requirement that confessions be preserved through electronic means. State v. Smith (1997), 80 Ohio St.3d 89, 106.
Upon review of the totality of the circumstances, we conclude that the trial court erred in suppressing the statements made to Detective McElroy and the references to those statements by Detective Sobie. Accordingly, the state's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., MILLIGAN, J., CONCUR
[1] Defendant moved the court to suppress all statements made during an initial interview with Detective Clark of the Summit County Sheriff's Office, and all references to statements made to Detective Clark during the interviews with Detectives McElroy and Sobie. There is no information in the record concerning this initial interview with Detective Clark. The transcript of the suppression hearing contains only the testimony of Detective McElroy and Detective Sobie, and Defendant has confined his response to this appeal to the interviews with these two officers.